## Case No. 10,916.
### PENARO v. FLOURNOY.
[5 Pa. Law J. 555; 9 Law Rep. 269.]

Circuit Court, D. Georgia. April Term, 1846.

LIMITATIONS OF ACTIONS—PROMISE TO PAY—PROVINCE OF COURT AND JURY.

1. Whether the evidence of a promise to pay a debt barred by the statute of limitations is sufficient to take a case from the operation of the statute, is a question of law for the court. Whether the evidence applies to the debt in suit, or to what portion of it, is a question of fact for the jury.

2. Where A., who was in the employment of B., spoke of leaving, and said, "I want to see my money," to which B. replied, "I will put up your wages for you," it was *held* that the promise was sufficient to take the case out of the statute of limitations, for all the wages to which the promise applied, and that it was properly left to the jury to find to what portion of the wages, if any, the promise did apply.

This was an action [by Robert W. Flournoy] founded upon an open account, in the following words: "R. W. Flournoy, to Joseph Antonio Penaro, Dr. For my services on his plantation, from the 15th April, 1834, to 15th February, 1844; 9 years and 10 months, at $150 per annum, $1470." The defendant, among other pleas, relied upon the statute of limitations. The statute of Georgia requires actions on open account to be brought within four years from the time the right of action accrues. Prince's Dig. 578. The plaintiff replied a new promise, made by the defendant's intestate, within four years. In support of the issue joined, upon the plea of the statute of limitations, the plaintiff proved, by one witness, the following conversation between the plaintiff and the defendant's intestate, some two months before his death. Penaro was speaking of quitting Flournoy, who objected; Penaro said, "I want to see my money;" Flournoy said, "I will put up your wages for you." This was the only evidence to take the case out of the operation of the statute of limitations. The jury, under the charge of the court, found for the plaintiff.

The defendant moved for a new trial, upon the following grounds: First. Because there was no proof of any promise made by the intestate, Robert Willis Flournoy, to pay the demand sued for, or any part of it, within four years immediately preceding his death. Second. Because there was no proof of any acknowledgment of any specific indebtedness, on the part of said Robert Willis

Flournoy, deceased, to the plaintiff, within four years immediately preceding his death, sufficient to take the case out of the statute of limitations. Third. Because the only proof offered, on the part of the plaintiff, to take the case from the operation of the statute of limitations, pleaded in this case, was the testimony of John B. Bacon; who testified, that some three months before the death of said intestate, he was present at a conversation between the intestate and plaintiff; that plaintiff spoke of quitting Flournoy, who objected. The plaintiff said he wished to see his money; Flournoy replied, "I will put up your wages for you." Fourth. Because there being no dispute in relation to the facts proven, to take the case out of the operation of the statute of limitations, the court erred in referring that question to the jury, it then being a question of law, and not one of fact; a question for the court, and not one for the jury.

Mulford Marsh, for defendant.

There being no proof of a hiring, for any specific period of time, the plaintiff's right of action, if any, accrued every day; and the statute applies to all of the account, but the last four years. The statute runs from the time the plaintiff's right of action accrued. Wilcox v. Plummer, 4 Pet. [29 U. S.] 182. To take this case from the operation of the statute of limitations, there must be a promise, within the last four years, to pay this debt, or an acknowledgment of this debt, so direct and explicit, that the law will imply a promise; not an acknowledgment vague, uncertain, and indeterminate. The promise was in these words (in reply to the plaintiff's saying "I want to see my money"), "I will put up your wages for you." This promise was vague and indeterminate. It may mean the wages for a week, month, or year; or it may mean to increase the wages. It refers to no determinate debt or demand; no demand for any specific sum was made, nor were any particular wages named. The promise must refer to the demand sued for, not an unliquidated debt; it must be certain and determinate, not vague. From this promise no particular sum, nor any time of service, can be ascertained. This principle is sustained by the late decisions of the superior courts of Georgia upon this statute, in the following cases: Fellows v. Guimarin, Dud. (Ga.) 101; Brewster v. Hardeman, Id. 148, 149. The same principle is fully recognized by the supreme court of the United States, in the case of Bell v. Morrison, 1 Pet. [26 U. S.] 351, and affirmed by the same court in Moore v. Bank of Columbia, 6 Pet. [31 U. S.] 87. The supreme court of Massachusetts have recognized the same doctrine in the following cases: Bangs v. Hall, 2 Pick. 371, 378; Gardner v. Tuder, 8 Pick. 205. It is also recognized in England (in 1816) in the case of Rowcroft v. Lomas, 4 Maule & S. 457. And now, in England, the promise must be in writing. St. 9 Geo. IV. c. 14. The same principle is held in New York, in Purdy v. Austin, 3 Wend. 187; Stafford v. Bryan, Id. 532; Allen v. Webster, 15 Wend. 284; and Stafford v. Richardson, Id. 302. And the same in the court of chancery of New Jersey, in the case of Conover's Ex'r v. Conover, Saxt. Ch. [1 N. J. Eq.] 403.

Secondly. There being no dispute as to the facts proven, to take the case from the operation of the statute, it was a question of law for the court, and not one of fact for the jury. Clarke v. Dutcher, 9 Cow. 674.

John E. Ward, for plaintiff.

The promise, in this case, is such an one as will take the case out of the statute. The plaintiff, as was proven, had been many years in the employ of Flournoy. The plaintiff spoke of quitting. Flournoy objected; plaintiff said, "I want to see my money;" Flournoy replied, "I will put up your wages for you." This promise could only refer to the wages due, and all were due, as no payment was proved. There are two classes of cases that have been decided under the statute. One class of cases has gone upon the ground, that an acknowledgment of the justice of the debt was sufficient, to prevent the operation of the statute. The second class, and the correct one, requires a promise to pay, or an acknowledgment from which the law will imply a promise. 2 Greenl. Ev. 352, 355. No set form of words is necessary; a promise may be inferred from acts. Id. 356; 4 Pick. 110. (In support of the position, that the promise was sufficient to prevent the operation of the statute, he relied upon the following authorities: Sheftall's Ex'r v. Clay's Adm'r, R. M. Charlt. 7; Barnard v. Bartholomew, 22 Pick. 291; Ang. Lim. 258.)

As to the second point, this is the true distinction: The court decides what evidence of a promise is sufficient to remove the operation of the statute; but the fact whether the proof applies to the debt sued for, belongs to the jury. In this case the court instructed the jury, that if they found the evidence of the promise applied to the whole debt, then they must find for the plaintiff, or find for the plaintiff as much as they found the promise applied to. Whitney v. Bigelow, 4 Pick. 110; 2 Com. Law, 474.

NICOLL, District Judge. The question, whether the evidence of a promise to pay a debt, barred by the statute of limitations, is sufficient to take a case from the operation of the statute, is one of law for the court. Whether the evidence applies to the debt in suit, or to what portion of it, is a question of fact for the jury. In this case the promise was, "I will put up your wages for you;" clearly referring to the wages then due. The court holds the evidence sufficient to take the case out of the statute, for all the

wages to which the promise applied. It was the province of the jury to say to what portion, or whether to the whole of the wages, the promise applied. The promise was absolute: "I will put up your wages for you." The jury having found that the promise applied to the whole account, the court is satisfied that the verdict is correct. Motion for a new trial overruled.